1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

TYRONE NOEL NUNN,

                          Plaintiff,

      v.

THE STATE OF NEVADA AND THE
UNITED STATES,

                          Defendants.

Case No. 2:24-cv-01286-RFB-BNW

**ORDER**

Plaintiff Tyrone Nunn brings this civil-rights action under 42 U.S.C. § 1983 to redress constitutional violations that he claims he suffered while incarcerated at High Desert State Prison. ECF No. 4. On March 27, 2025, this Court ordered Nunn to file an amended complaint by April 28, 2025. ECF No. 3. The Court warned Nunn his case could be dismissed if he failed to file an amended complaint by that deadline. Id. That deadline expired, and Nunn did not file an amended complaint, move for an extension, or otherwise respond.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. Thompson v. Hous. Auth. of City of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. See Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order). In determining whether to dismiss an action on one of these grounds, the Court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of

1  cases on their merits; and (5) the availability of less drastic alternatives. See In re

2  Phenylpropanolamine Prod. Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting Malone,

3  833 F.2d at 130).

4          The first two factors, the public's interest in expeditiously resolving this litigation and the

5  Court's interest in managing its docket, weigh in favor of dismissing Nunn's claims. The third

6  factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of

7  injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court

8  or prosecuting an action. See Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth

9  factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by

10  the factors favoring dismissal.

11          The fifth factor requires the Court to consider whether less drastic alternatives can be used

12  to correct the party's failure that brought about the Court's need to consider dismissal. See Yourish

13  v. Cal. Amplifier, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic

14  alternatives *before* the party has disobeyed a court order does not satisfy this factor); accord

15  Pagtalunan v. Galaza, 291 F.3d 639, 643 & n.4 (9th Cir. 2002) (explaining that "the persuasive

16  force of" earlier Ninth Circuit cases that "implicitly accepted pursuit of less drastic alternatives

17  prior to disobedience of the court's order as satisfying this element[,]" *i.e.*, like the "initial granting

18  of leave to amend coupled with the warning of dismissal for failure to comply[,]" have been

19  "eroded" by Yourish). Courts "need not exhaust every sanction short of dismissal before finally

20  dismissing a case, but must explore possible and meaningful alternatives." Henderson v. Duncan,

21  779 F.2d 1421, 1424 (9th Cir. 1986). Because this action cannot realistically proceed until and

22  unless Nunn files an amended complaint, the only alternative is to enter a second order setting

23  another deadline. But the reality of repeating an ignored order is that it often only delays the

24  inevitable and squanders the Court's finite resources. The circumstances here do not indicate that

25  this case will be an exception: there is no hint that Nunn needs additional time or evidence that he

26  did not receive the Court's Order. Setting another deadline is not a meaningful alternative given

27  these circumstances. So, the fifth factor favors dismissal.

28

1        Having thoroughly considered these dismissal factors, the Court finds that they weigh in

2    favor of dismissal.

3        For the foregoing reasons, **IT IS ORDERED** that this action is **DISMISSED** without

4    prejudice based on Nunn's failure to file an amended complaint in compliance with this Court's

5    March 27, 2025 Order, and for failure to state a claim. The Clerk of Court is directed to close this

6    case. No other documents may be filed in this now-closed case. If Nunn wishes to pursue his

7    claims, he must file a complaint in a new case.

8        **IT IS FURTHER ORDERED** that Nunn's application to proceed *in forma pauperis* (ECF

9    No 1) is **DENIED** as moot.

10

11        **DATED**: May 29, 2025.

12

13    _____

14    **RICHARD F. BOULWARE, II**
     **UNITED STATES DISTRICT JUDGE**

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3